# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scartelli Construction Services, Inc., | |
| Plaintiff, | No.3:18-cv-1164 |
| v. | (Judge Caputo) |
| Chesapeake Building Components, Inc., | |
| Defendant. | |

## MEMORANDUM

We consider here a Motion to Strike the Declarations of Ralph Scartelli, John L. Ludwig, and Lawrence Ludwig, Esquire, filed by Defendant Chesapeake Building Components, Inc. (Doc. 34). Chesapeake asserts that the declarations in question relate improperly to the "Dickson City Project", a project that this Court had previously ruled to have no relevance to this lawsuit and, for that reason, had directed Plaintiff Scartelli Construction Services, Inc. to file an Amended Complaint. (See Doc. 14). Chesapeake also asserts that the declaration includes inadmissible hearsay concerning previous litigation conducted between these parties before District Justice John Mercuri in Lackawanna County.

Chesapeake is correct that the challenged declarations do include comment concerning the "Dickson City Project". Significantly though, relevant portions of

the declarations of Ralph Scartelli and John L. Ludwig both indicate that Scartelli Construction Service, Inc. "never received or was otherwise aware of the boilerplate text" in connection with the controversy (the "North Pocono Library Project") that concerns this lawsuit. (See Doc. 30-1 at ¶ 7 and Doc. 30-2 at ¶ 10). The "boilerplate text" referenced in the Plaintiff's declarations is a forum selection clause that served as the basis for Chesapeake's argument that this case should have been transferred to Maryland. That boilerplate text came to the Court's attention via the Supplemental Declaration of Edward Basham, III, a principal of Chesapeake.

Defendant Chesapeake also asserts that the Declarations of Ralph Scartelli and John L. Ludwig include inadmissible hearsay in the form of statements attributed to District Justice Mercuri and one Tim Brining. These statements were referenced by Plaintiff to bolster its argument that litigation of this matter must be conducted in Pennsylvania due to the supposed res judicata effect of District Justice Mercuri's decision in prior litigation between these parties concerning the "Dickson City Project". In rejecting Chesapeake's Motion to Change Venue (Doc. 21), this Court did not rely to any extent on the principle of res judicata and,

indeed, did not even reference Plaintiff's argument to that effect.[1] Thus, statements or decisions attributed to District Justice Mercuri or Tim Brining had no bearing whatsoever on the Court's previous rulings. Rather, as the Court's Memorandum of January 23, 2019 made clear, Defendant's motion regarding venue was rejected due to the "factual murkiness" caused by the imprecise documentation of the parties' agreement and the lack of clear evidence that the "boilerplate text" referenced in the Basham Declaration was ever seen by any principal of Plaintiff prior to the date (August 10, 2012) that Dominick Scartelli, Jr. executed an agreement to purchase a "roof system" from Chesapeake. (Doc. 39 at 4-5). As previously indicated, it was Chesapeake's submission of the Basham Declaration that provoked Plaintiff's submission of the Scartelli and Ludwig Declarations.

Critically, once Chesapeake summitted the Basham Declaration, the Court had an obligation to consider counter declarations filed by Plaintiff. Rule 12 (d) of the Federal Rules of Civil Procedure states:

> If, on a motion under Rule 12 (b)(6) or 12 (c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary

---

[1] Inasmuch as Plaintiff did not cite any relevant authority to support its argument that a Pennsylvania Magisterial Court decision could ever have res judicata effect, the Court had rejected that argument without comment in its Memorandum of January 23, 2019. (Doc. 39).

judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Neither party even alluded to Rule 12 (d) in their briefs much less discussed its effect.

When Chesapeake presented the Basham Declaration, a matter "outside the pleadings" in the context of Rule 12 (d), the Court was obliged to afford Plaintiff "a reasonable opportunity to present all the material that is pertinent to the motion." The Court regards the declarations that Chesapeake would have it strike to be clearly and obviously pertinent to Plaintiff's argument contra to Chesapeake's motions. The Court's Memorandum of January 23, 2019 (Doc. 39) essentially treated Chesapeake's motion to dismiss as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure as required by Rule 12 (d). Indeed, the Court referenced "a substantial question of fact as to whether the parties ever reached mutual agreement regarding where contract disputes could be lodged" and other questions of fact regarding the time for performance and the conformity of the goods for their intended purpose. (Doc. 39 at 5). While the Court did not expressly mention Rule 56 in its Memorandum, its determination was nonetheless based upon analysis of all relevant material as required by Rules

12 (d) and 56. It is axiomatic that the existence of a material issue of fact precludes a grant of summary judgment.

Apart from any discussion regarding the evidentiary value of the contested declarations, there can be no doubt that the Court had an obligation to consider them. Having done that for the limited purposes described above, the Court is satisfied that this case must move forward. Accordingly, Chesapeake's motion (Doc. 34) will be denied. An Order consistent with this determination will be filed contemporaneously.

By the Court:

S/A. Richard Caputo
A. Richard Caputo
United States District Judge

Dated: February 5, 2019