# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scartelli Construction, | |
|                 Plaintiff, | No. 3:18-cv-1164 |
|   v. | (Judge Caputo) |
| Chesapeake Building Components, Inc., | |
|                 Defendant. | |

## MEMORANDUM

The Court considers here the Motion to Strike (Doc. 46) filed by Plaintiff Scartelli Construction Services, Inc. ("Scartelli") on February 25, 2019.[1] Scartelli seeks to strike certain paragraphs of the Answer and Counterclaim (Doc. 43) filed by Defendant Chesapeake Building Components, Inc. ("Chesapeake"). The paragraphs Scartelli seeks to strike assert that Chesapeake has the right to set off sums paid pursuant to a magisterial action in Lackawanna County, Pennsylvania against any sums for which Chesapeake may become liable in this case. The magisterial action in Lackawanna County dealt with a dispute between these parties regarding materials supplied by Chesapeake to a construction project at the Dickson City Borough Building ("The DC Project"). While this case involves the

---

[1] The Court notes that Scartelli's Motion to Strike is duplicative of a Motion to Strike (Doc. 44) that Scartelli had filed on February 21, 2019. This Memorandum addresses both filings.

same parties, it concerns only a dispute regarding materials supplied by Chesapeake to the North Pocono Library Project in Moscow, Lackawanna County.

The Honorable Richard P. Conaboy presided over this case until his death on November 9, 2018. On August 1, 2018 Judge Conaboy issued an Order (Doc. 14) that, inter alia, struck paragraphs of Scartelli's Complaint alluding to the Dickson City Project as irrelevant to this case. Our review of Judge Conaboy's Order and the filings that preceded it persuade this Court that Judge Conaboy's ruling was made due to his perception that Scartelli's Complaint sought damages only for alleged malfeasance by Chesapeake related to the North Pocono Library Project. This Court shares Judge Conaboy's perception in that regard.

The material that Scartelli now seeks to strike from Chesapeake's Answer and Counterclaim is the selfsame material that Judge Conaboy declared irrelevant with respect to Scartelli's Complaint. This material was declared irrelevant at the request of Chesapeake (See Doc. 2 at ¶¶ 46-47). Ironically, Chesapeake now seeks to revive discussion of the parties' dealings incident to the Dickson City Project in hopes that damages it paid in that matter can potentially be set off against any damages that may be declared owing in this case. Essentially, Chesapeake seeks to use as a shield that which it denied Scartelli the ability to use as a sword.

Scartelli's Motion to Strike is predicated on the law of the case. Scartelli reasons that Judge Conaboy's decision that discussion of the Dickson City Project

in an action involving only the North Pocono Library Project was irrelevant to its complaint also renders it irrelevant to Chesapeake's defense. Chesapeake counters "… to the extent Plaintiff's North Pocono Library Project claims were, or could have been, litigated at the Magistrate Hearing, they are barred or limited by the doctrine of res judicata or claim preclusion, or, in the alternative, that Chesapeake is entitled to a set off or recoupment." (Doc. 50 at 7). Chesapeake states correctly that "res judicata bars not only claims actually litigated in a prior action, but also those which could have been litigated in a prior action*." Elkadrawy v. Vanguard Group, Inc*. 584 F.3d 169, 174 (3d. Cir. 2009). (*Id*. at 8). The Elkadrawy Court observed that the key inquiry for application of the doctrine of res judicata is "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Citing *United States v. Athlone Industries, Inc.,* 746 F. 2d 977, 984 (3d. Cir. 1984).

There are two problems with Chesapeake's position. First, Magisterial District Courts in Pennsylvania are not courts of record. This prevents the Court from determining whether there is a sufficient identity of acts and issues common to that case and the instant case. The mere fact that the cases obviously involved different projects to be completed at different times in different locations suggests otherwise. However, even if that were not so, an additional impediment exists.

The jurisdictional limit in Pennsylvania Magisterial District Courts confers jurisdiction only on those civil cases in which the damages alleged amount to less than $12,000.00. (See 42 Pa. C.S.A. § 1515 (a)(3)). Plaintiff's Amended Complaint in this matter seeks judgment in the amount of $131,521.36. (Doc. 15 at 16). Given the magnitude of this claim, Plaintiff would have been prohibited from bringing it in the Magisterial Court due to the previously discussed jurisdictional limit. Thus, this action could not have been presented in the Magisterial Court.

Because this Court cannot determine whether the Magisterial Court action regarding the Dickson City Project was sufficiently similar to this action to justify invocation of the doctrine of res judicata, because the jurisdictional threshold governing civil actions in a Pennsylvania Magisterial Court would have prevented the instant action from being heard there, and because our review of the record persuades this Court that Judge Conaboy determined correctly that events related to the Dickson City Project were irrelevant to this action for all purposes, Plaintiff's Motion to Strike (Doc. 46) will be granted. An Order consistent with this determination will be filed contemporaneously.

By the Court:

  s/A. Richard Caputo
A. Richard Caputo
United States District Judge

Dated: May 21, 2019